Nash, O. J.
 

 The bill is filed to obtain a divorce from bed and board and for alimony. There is a general demurrer to the whole bill; and if there be any part of the bill entitling the plaintiff to relief, the demurrer must be overruled — Adams Eq. 335 — 1st Daniel’s ch. Pr. 538 — 540. It is a principle of pleading, both at law, and in equity, that a demurrer admits every thing that is properly pleaded — its object being to avoid an answer upon the ground that an answer is not necessary, as from the plaintiff’s own showing, he is not entitled to the relief he seeks.
 

 
 *240
 
 On the argument, it was contended that there was no charge in the bill, upon which the Court could order an issue, with the exception of that of taking a strumpet into his house by the defendant, and having children by her. This, it was admitted would furnish an issue — and the facts by the demurrer are admitted. Being bad then in this particular, it is bad in the whole — for a demurrer cannot be good in part and bad in part, where it is in itself one whole. To avoid this difficulty it is alleged, that the bill is deficient in not avering that she never admitted the defendant to conj ugal embraces, after she discovered his intercourse with Betsy Mason — having continued to live with him for eight years. That she had slept too long upon her injuries. The bill states, “ about eight years ago the defendant invited to his house, one Betsy Mason, a woman of lewd character, and he hath permitted the said woman to reside upon his premises in his yard, and by her, as your petitioner charges, and believes, has had several children ; and that he recognizes her and her said children as his family, having them at his table, and otherwise feeding, clothing and caring for them, as objects of his bounty and affection.” The petition then charges, “ that about eight years previously, that is before filing the petition, her mind became partially deranged by this and the other conduct of the defendant.” It then proceeds — “ that she has been forced at all times, and especially óf late years, by her said husband to lead a secluded life, rarely receiving visits from her friends, or being permitted to go out from home — and she shows that on several occasions she did endeavor to escape from his brutalities and flee to the house of her friends, but she was at the command of her said husband, carried back to his house by his servants. That she succeeded on the 26th day of February in making .her escape; and that it was recently after being beaten by her husband.” All this is admitted by the demurer, for it is properly pleaded. But it is urged by the defendant’s counsel, that if true, it is not sufficient to entitle the pe
 
 *241
 
 titioner to the relief she seeks, because the allegation is not accompanied with an averment, that she did not admit her husband to her conjugal embraces after discovering his infidelity. For this position he relies upon the act of th e General Assembly, Rev. Stat. ch. 39, sec. 2, 3 and 8th. These sections do not sustain the position. The second points out the causes for which a divorce from the bonds of matrimony, and from bed and board, may be obtained; and the third enumerates those for which a divorce from bed and board alone may be obtained, and in each they are different. Among the causes enumerated in the 2nd section, is the following: “ If either party has separated him or herself from the other, and is
 
 living in adultery”
 
 <&c. The 8th sec. provides:
 
 “
 
 In any suit for a divorce for the cause of adultery, if it shall be
 
 proved
 
 that the plaintiff has been guilty of the like offence, or has admitted the defendant to conjugal society or embraces, after he or she knew of the criminal fact, &c., it shall be a good de-fence, &c., against said suit.” It appears then from the 8th section that the so receiving to conjugal embraces, is a matter of defence to be proved upon the trial under an issue to that effect. It is not necessary therefore for the petition to negative the fact. But if it is necessary for the petition so to aver, it is only in cases under the 2nd sec. for a divorce
 
 a vin-culo matrimonii.
 
 Eor in that section is the case of living in adultery made a specific cause for a divorce absolutely. But it is further alleged that the bill shows, as to this specific cause, that she has laid by too long. The petition sets forth the reason why she did so long delay. After enduring for near thirty years the brutal oppression of the defendant the finishing blow was inflicted by bringing into his house his strumpet, and his bastards, and forcing them upon the company of his wife. What greater indignity could he have inflicted upon her ? Personal injuries she might endure — blows and brutality from drunkeness she might suffer — but woman’s, nature must and will rebel against this last indignity ; or mind itself give
 
 *242
 
 way. Accordingly she tells us her mind became partially de» ranged. And she was then in a manner confined by her husband to her own house; and when she attempts to make her escape, her own servants at the command of her husband, rudely seize and force her back. As soon as she does make her escape, she appeals to the laws of her
 
 country;
 
 and it would be a disgrace to the administration of them, if she did not receive relief. This then is a charge sufficiently specific, upon which to form an issue, and which is admitted by the demurrer.
 

 The petition further sets forth a list of grievances running through a long series of years. It may be, that they are not individually set forth with that particularity as would entitle the petitioner to the relief she asks; but taken as a whole, they constitute a history of suffering, against which the law ought, and we think, does provide. For forty years these persons lived together as man and wife, and for thirty of them, the petitioner was exposed to harsh and brutal treatment on the part of the defendant. She bore with it, as only woman can bear, and when at last, she seeks redress, she is told, “ you oughl to be more precise in your charges- — you ought to name the times and places when I committed these acts : The policy of the law is to heal these family breaches — to give time to the angry passions to cool — and the erring party to repent and reform.” The complaining party is compelled to swear that the facts upon the application is made, have existed for more than six months. Patience and'forbearance one with the other is inculcated. It does not wish nor expect, that for every act of improper violence, a resort should be had to the law, nor does it expect that married people shall keep in a diary, those many causes of strife which disturb the tranquility of families.
 

 The petition contains a plain, artless, feeling statement, well calculated to stir up the deepest sympathies of our nature,
 
 *243
 
 and to canse deep regret, that in God’s best temporal gift to man, so much of sin and misery so often mingle.
 

 "We have examined the cases to which our attention has been drawn. We do not think they conflict with our opinion in this. In Harrison and Harrison, 7th Ired. 484, the issue was, “ did the defendant offer such indignities to her person as to render her condition intolerable and he life burthensome.” The Court decide that the issue was too general. The facts constituting the indignities must be found by the j ury. The case of Foy and Foy, 13 Ired. 90, turned mainly upon the fact that the allegations and
 
 probata
 
 must correspond. In Whitting-ton and Whittington, 2 Dev. and Bat. 64, the Court decide that a petition for a divorce ought,
 
 as far as
 
 possible, to charge specially, the facts to be given in evidence. The charges that the defendant, within the last-eight years before the filing of the petition, repeatedly, without any provocation on her part, beat her, may be sufficiently specific, to call upon the defendant for an answer. This, we are not now called on to decide, as we have put the decision upon another and sufficient ground. The demurrer must be overruled with costs. This opinion will be certified.